IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08–cv–01031–PAB–KMT

RONALD ROY, HOODENPYLE, Trustee for the High Chaparral Holding Trust,

    Plaintiff,

v.

DEUTSCHE NATIONAL BANK HOLDING TRUST,
TRUSTEE NEW CENTURY MORTGAGE CO.,
ARONOWITZ & FORD LLP, and
JOHN AND JANE DOE 1-20,

    Defendants.

---

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Kathleen M. Tafoya**
**United States Magistrate Judge**

    This case comes before the court on Defendant Aronowitz & Ford, LLP's, ("A&F") "Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1), (2), (5) and (6)" ("Mot.") [Doc. No. 9, filed June 4, 2008]. Plaintiff's "Response to Motion to Dismiss" ("Rsp.") [Doc. No. 19] was filed on July 10, 2008 and a "Reply in Support of Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1), (2), (5) and (6)" was filed by A&F on July 16, 2008. [Doc. No. 20]. The issues are ripe for recommendation by this court.

    Plaintiff Ronald Roy Hoodenpyle ("Hoodenpyle") filed a two page Complaint on May 16, 2008. ("Action in the Common Law" [Doc. No. 1] hereinafter "Compl."). The Complaint concerns a state court foreclosure action regarding property located at 2505 Brady Drive,

Colorado Springs, Colorado (hereinafter "Brady Drive Property"), El Paso County District Court Case No. 2007CV5527,[1] in which he claims he was denied due process of law. (*Id*. at ¶ 5).

Defendant A&F asserts that all claims against them should be dismissed because: service of process on A&F was improper; this court lacks jurisdiction to hear the case because Hoodenpyle has no standing to bring the claim; this court lacks personal jurisdiction over A&F; this court lacks subject matter jurisdiction because plaintiff's claims are barred by the *Rooker/Feldman* doctrine; and, the Complaint fails to state a claim upon which relief can be granted.

Plaintiff responds that his Fifth and Seventh Amendment rights under the United States Constitution were violated because the foreclosure action against Brady Drive Property was resolved without a jury and "we cannot be denied the same previlages (sic) granted to a Franchise Corporation by the government of the state that is to discharge their debt with a letter of credit." (Rsp. at ¶ 3). This, apparently, is an argument that the state court should have accepted as proof of payment in full of the mortgage a letter of credit submitted by the plaintiff which was not backed by or issued by or against a financial institution. The plaintiff relies upon "Rule 54C Title 18, which was transferred to Rule 1 Title 18." (Id. at ¶ 13).

---

[1] In the Matter of Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2005-WL3, for an Order Authorizing the Public Trustee to Sell Certain Real Estate Under a Power of Sale Contained within a Deed of Trust.

## STANDARD OF REVIEW

### 1. *Pro Se Plaintiff*

Plaintiff Ronald Roy Hoodenpyle is proceeding *pro se*. Therefore the court must liberally construe his pleadings. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nevertheless the court will not act as advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). It remains the plaintiff's responsibility to provide the court with pleadings which at least make a good faith attempt to follow the Federal Rules of Civil Procedure and the Local Rules of Practice. *See i.e. Toth v. Gates Rubber Co.*, 2000 WL 796068, *8 (10th Cir. 2000). The plaintiff's *pro se* status does not entitle him to application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

### 2. *Failure to State a Claim Upon Which Relief Can Be Granted*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003).

When ruling on a defendant's motion to dismiss pursuant to Rule 12(b)(6), the court must accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). Further, the court is to make all reasonable inferences in the plaintiff's favor. *Timpanogos Tribe v. Conway*, 286 F.3d 1195, 1204 (10th Cir. 2002). In doing so, the Court distinguishes well-pleaded facts from conclusory allegations. *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002) (citations omitted).

To state a claim, a plaintiff's complaint must "show[ ] that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). *See Hughes v. Colorado Dept. of Corrections*, — F. Supp.— , 2009 WL 112830, *2 (D. Colo. 2009) (plausibility standard articulated by the Supreme Court in *Twombly* did not displace Federal Rule of Civil Procedure 8(a)(2) requirement for "a short and plain statement of the claim showing that the pleader is entitled to relief."). Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp.*, 550 U.S. 544, —, 127 S. Ct. at 1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957)). The plaintiff must allege enough factual matter, taken as true, to make his "claim to relief . . . plausible on its face." *Id.* at 1974; *Van Zanen v. Qwest Wireless, L.L.C.*, 522 F.3d 1127, 1129–30 (10th Cir. 2008). This is not to say that the factual allegations must themselves be plausible; after all, they

4

are assumed to be true. It is just to say that relief must follow from the facts alleged. *Robbins v. Oklahoma ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008). If a complaint explicitly alleges every fact necessary to win at trial, it has necessarily satisfied this requirement. *Bryson v. Gonzales,* 534 F.3d 1282, 1286 (10th Cir. 2008). The issue in reviewing the sufficiency of a plaintiff's complaint is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

In evaluating a 12(b)(6) motion to dismiss, it is appropriate to look to whether the plaintiff has alleged each element necessary to establish a *prima facie* claim on which relief can be granted. *See Ruiz*, 299 F.3d at 1182-83; *Sutton v. United Air Lines, Inc.*, 130 F.3d 893, 902-903 (10th Cir. 1997). Although a plaintiff does not need to state each element of his claim precisely, he must plead minimal factual allegations on those material elements that must be proved. *See* Fed. R. Civ. P. 8(a); *Hall*, 935 F.2d at 1110.

### 3. *Lack of Subject Matter Jurisdiction*

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case. Rather, it calls for a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). The burden of establishing subject matter jurisdiction is on the party

asserting jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Id.*

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusionary allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). When considering a Rule 12(b)(1) motion, however, the Court may consider matters outside the pleadings without transforming the motion into one for summary judgment. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Where a party challenges the facts upon which subject matter jurisdiction depends, a district court is not required to presume the truthfulness of the complaint's "factual allegations . . . [and] has wide discretion to allow affidavits, other documents, and [may even hold] a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id.*

### 4. *Lack of Personal Jurisdiction*

Federal Rule of Civil Procedure 12(b)(2) provides that a defendant may move to dismiss a complaint "for lack of jurisdiction over the person." Fed. R. Civ. P. 12(b)(2). Plaintiff bears the burden of establishing personal jurisdiction over Defendants. *OMI Holdings, Inc. v. Royal Ins. Co.*, 149 F.3d 1086, 1091 (10th Cir. 1998). In the preliminary stages of litigation, Plaintiff's burden is light. *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995). Where, as here, there has been no evidentiary hearing, and the motion to dismiss for lack of personal jurisdiction is decided on the basis of affidavits and other materials, Plaintiff need only make a *prima facie* showing that jurisdiction exists. *Id.*

Plaintiff "has the duty to support jurisdictional allegations in a complaint by competent proof of the supporting facts if the jurisdictional allegations are challenged by an appropriate pleading." *Pytlik v. Prof'l Res., Ltd.*, 887 F.2d 1371, 1376 (10th Cir. 1989). The allegations in Plaintiff's complaint "'must be taken as true to the extent they are uncontroverted by [Defendants'] affidavits.'" *Wenz*, 55 F.3d at 1505 (*quoting Doe v. Nat'l Med. Servs.*, 974 F.2d 143, 145 (10th Cir. 1992)). If the parties present conflicting affidavits, all factual disputes must be resolved in Plaintiff's favor, and "plaintiff's *prima facie* showing is sufficient notwithstanding the contrary presentation by the moving party." *Id.* (citation omitted). Only well-pled facts, as opposed to mere conclusory allegations, must be accepted as true. *Id.*

### 5. *Service of the Summons and Complaint*

A "Rule 12(b)(5) motion challenges the mode of delivery or the lack of delivery of the summons and complaint." 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 3D § 1353. "The Court may dismiss a complaint for ineffective service of process pursuant to [Rule] 12(b)(5) if the plaintiff fails to establish that he ... has properly effectuated service pursuant to Rule 4." *Lindsey v. United States*, 448 F.Supp.2d 37, 42 (D . D.C.2006) (Walton, J.). "[T]he party on whose behalf service is made has the burden of establishing its validity when challenged; to do so, he must demonstrate that the procedure employed satisfied the requirements of the relevant portions of Rule 4 and any other applicable provision of law." *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir.1987) (internal quotation and citation omitted); *Shane v. U.S.* 2008 WL 101739, 3 (D.C. Cir. 2008).

*ANALYSIS*

Plaintiff's claim is essentially that he was not afforded due process in the state court foreclosure matter concerning his wife's property on Brady Drive because **she** was not afforded a jury trial. Mr. Hoodenpyle's Complaint is confusing because the property at issue in the foreclosure belonged to the plaintiff's wife, she alone was obligated on the loan documents and the state court action involved only **her** interests. It is unclear how the state court procedures could have affected **Mr**. Hoodenpyle's due process rights. Adding to the confusion, apparently the El Paso County District Court allowed Ronald Roy Hoodenpyle to make filings purportedly representing his wife in that action.[2] However, in this court Mr. Hoodenpyle may represent himself as a plaintiff, but he may not represent his wife or her interests in this court since he is not an attorney. *See* Title 28 U.S.C. § 1654; *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993). Darla Jean Hoodenpyle, the person whose ownership and property interests were affected by the state court case, is not a plaintiff in this case. Nonetheless, the defendant's Motion can be decided without resolving this logical and legal conundrum.

    *A.    Failure to State a Claim Upon Which Relief Can Be Granted*

Plaintiff's allegations center around state court proceedings concerning foreclosure of Darla Hoodenpyle's property. (Compl. at ¶ 1). Plaintiff claims that he tried to pay off the mortgage debt on the property with a personal Letter of Credit but that the mortgage holder,

---

[2] Plaintiff filed paperwork in case no. 2007CV5527 indicating he was representing his wife; it is not disputed by Plaintiff that only Darla Hoodenpyle was a signatory to the Note and Deed of Trust at the heart of the civil foreclosure action. (Rsp. at ¶ 9).

whom plaintiff identifies as HomEq Servicing, would not honor that form of payment. (Compl. ¶ 2-4). Plaintiff then asserts that the El Paso court in Case #2007CV5527 "has failed to allow the Plaintiff Due Process and has failed to recognize the true Legal Character of the Plaintiff" and failed to issue a final appealable order. (Compl. ¶ 5-6).

The Fifth Amendment provides that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law. . . ." U.S. CONST. amend. V. This is commonly know as the Due Process clause. Construed liberally, the Complaint herein appears to allege a due process violation. The plaintiff, however, only references "Article 7 of the Constitution for the United States of America[3]" (Compl. ¶ 7) in the Complaint and references the Seventh Amendment to the U.S. Constitution in his response. (Rsp. ¶ 1). The Seventh Amendment concerns rights to a jury trial. U.S. CONST. amend. VII ("In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law.") By construing both the Complaint and the Response together, it appears that Plaintiff is making a claim that he was deprived of Due Process pursuant to the Fifth Amendment by the state court foreclosure procedure which does not provide for a trial by jury and which the plaintiff characterizes as "merely a summary proceeding with no semblance of Due Process of Law for a man standing on the land." (*Id.*)

---

[3]Article VII provides, "The Ratification of the Conventions of nine States, shall be sufficient for the Establishment of this Constitution between the States so ratifying the Same."

This court accepts as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. at 1965. However, nowhere in the Complaint are there <u>any</u> factual allegations whatsoever about or against Defendant A&F indicating what this defendant allegedly did to deprive the plaintiff of due process in any context. A&F is not even identified in the Complaint. The only place where A&F appears in the Complaint is in the caption.

The plaintiff must, in order to proceed with a case, give the "defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* at 1964. The plaintiff must allege enough <u>factual matter</u>, taken as true, to make his "claim to relief . . . plausible on its face." *Id.* at 1974 (emphasis added); *Van Zanen*, 522 F.3d at 1129–30. Since there is no factual matter of any kind set forth against Defendant A&F, the plaintiff has wholly and completely failed "to state a claim upon which relief can be granted" against this defendant and his claim must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### B. *Personal Jurisdiction*

Given that there are absolutely no factual allegations directed at Defendant A&F, the plaintiff has likewise not met his burden to make a *prima facie* showing of personal jurisdiction over this defendant. In his Response, the Plaintiff only refutes the defendant's version of the events which took place on the date of attempted service of process. (Rsp. ¶ 10; Attachment A, unsworn statement of Ronald Richard dated May 17, 2008). Neither the Response nor Mr. Richard's statement in any manner address the issue of personal jurisdiction over A&F sufficient

to give this court jurisdiction.  This remains true regardless of whether or not A&F was properly served pursuant to Fed. R. Civ. P. 4.

Therefore, A&F is entitled to dismissal from the case pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.

### C. *Subject Matter Jurisdiction and the Rooker-Feldman Doctrine*

Given that a review of a state court final judgment is necessarily in play, the specter of the *Rooker-Feldman* doctrine is also raised.  *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923).  The *Rooker-Feldman* doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  The doctrine is confined to cases, like this one, where the state-court loser files suit in federal court after the state proceedings became final. *Id.* at 291; *Sheriff v. Accelerated Receivables Solutions, Inc.*, 2008 WL 2487920, at *3 (D. Wyo. June 23, 2008) (unpublished). *See Bear v. Patton*, 451 F.3d 639, 642 (10th Cir. 2006) ("if a lower state court issues a judgment and the losing party allows the time for appeal to expire, then the state proceedings have ended") (quoting *Federacion de Maestros de Puerto Rico v. Junta de Relaciones del Trabajo de Puerto Rico*, 410 F.3d 17, 24-25 (1st Cir.2005)); *see also Wallin v. Arapahoe County Det. Facility*, 244 F. Appx. 214, 220 (10th Cir. 2007) (where the time to take an appeal from state court default judgment "passed well before" plaintiff filed his complaint, "the default judgment is final for *Rooker-Feldman* purposes").

Plaintiff disputes that a final order has issued with respect to the state proceedings involving the Brady Drive Property stating, "The El Paso County Courts have failed to issue a Final Appeal-able (sic) Order so the Plaintiff can seek Due Process in the Colorado State Courts." (Compl.¶ 6). This court has reviewed the state court documents submitted by A&F attached to the motion, and it is clear that final orders have entered in the Case No. 2007CV5527 involving the Brady Street address. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995) (when considering a Rule 12(b)(1) motion the court may consider matters outside the pleadings without transforming the motion into one for summary judgment). Since Plaintiff's Complaint challenges a fact upon which subject matter jurisdiction depends, i.e. whether a final judgment in the state court case has entered, this court is not required to presume the truthfulness of the complaint's factual allegations in this subject matter jurisdiction context. *Id.* at 1003. Upon review, the evidence shows that an order was issued in the state court action approving the sale of the property and the property was sold at foreclosure on January 16, 2008. (Mot., Exh. 15, Doc. No. 9-16). This was a final order in the El Paso District Court case. This instant federal action was not filed until May 16, 2008, months after the final order in the state case.

The parties in the underlying El Paso District Court case and the parties in this federal action are not identical as noted *infra*. The *Feldman* case examined circumstances where the two successive cases were not identical, but were inextricably intertwined. 460 U.S. at 483, n.16. *Feldman's* "inextricably intertwined" language broadened the reach of the original *Rooker* principle to include a prohibition on those plaintiffs who knew better than to ask that the federal court to declare the state judgment null and void, but who, in essence, seek just such relief under

the cloak of constitutional claims. As Justice Marshall defined in his concurring opinion in

*Pennzoil v. Texaco Inc.*, 481 U.S. 1, 23 (1987):

> [I]t is apparent, as a first step, that the federal claim is inextricably intertwined with the state-court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment.

*Id*. "Where a plaintiff seeks a remedy that would 'disrupt or undo' a state court judgment, the federal claim is inextricably intertwined with the state court judgment." *Crutchfield v. Countrywide Home Loans*, 389 F.3d 1144, 1148 (10th Cir.2004) (citing *Kenmen Eng'g v. City of Union*, 314 F.3d 468, 476 (10th Cir.2002), *overruled in part on other grounds by Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005), *as recognized in Erlandson v. Northglenn Mun. Court*, 528 F.3d 785, 790 (10th Cir.2008).; *Rohr v. Home Loans Corp.*, 2005 WL 2027684, 3 (D. Colo. 2005). In this case, the relief requested by Hoodenpyle is "a stay of Foreclosure of the above mentioned property until such issues can be answered." (Compl. at 2).

At the core of Hoodenpyle's Complaint is that the state court should not have "failed to recognize the Letter of Credit" (*Id.* at ¶ 4) which Hoodenpyle tried to use to pay off the mortgage on the Brady Drive Property, and therefore, "[t]he El Paso County Court in Case # 2007CV5527 has failed to allow the Plaintiff Due Process and has failed to recognize the true Legal Character of the Plaintiff." (*Id.* at ¶ 5.) Mr. Hoodenpyle's claims in this case are, therefore, inextricably intertwined with the state court foreclosure action which extinguished Darla Hoodenpyle's interest in the Brady Drive Property.

13

Courts in this Circuit have held that the *Rooker-Feldman* doctrine bars a litigant's attempt to render this Court a *de facto* appellate court for the airing of grievances related to the Colorado Public Trustee foreclosures and that the court lacks subject matter jurisdiction over the claim as a result. *See Rohr*, 2005 WL 2027684, *2; *Murrow v. Countrywide Home Loans, Inc.*, 2006 WL 1659181, *1 (D. Colo. 2006); *Lambeth v. Miller*, 2009 WL 29442 (D. Kan. 2009).

Therefore, application of the *Rooker-Feldman* doctrine deprives this court of subject matter jurisdiction to hear plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(1).

### D. *Service of Process*

Given the court's findings concerning the adequacy of the claims against A&F and the lack of subject matter jurisdiction, the court does not find it necessary to fully address the issues of propriety of service pursuant to Fed. R. Civ. P. 4. The court will note however, that the "Affidavit of Service" filed by the plaintiff is inadequate on its face. [Doc. No. 4]. The "affidavit" is not sworn to by the affiant or nor is it notarized; the "affidavit" does not say whether Ronald Richard is a private process server or other authorized person; the "affidavit" contains no charges for service of process; the "affidavit" claims service was made on defendant, a limited liability corporation, by handing documents to a "<u>person</u> identified to me as the Defendant" and also by "offering to deliver them to a <u>person</u> identified to me as the Defendant who refused service, and then leaving the documents in a conspicuous place." *Id*.

Proper service must be made pursuant to Fed. R. Civ. P. 4 for service on companies or corporations. The "Affidavit of Service" does not, on its face, indicate proper service on A&F.

14

Given the parties' dispute about the events occurring on May 16, 2008, however, the court finds it unnecessary to resolve that dispute.

WHEREFORE, for the foregoing reasons, I respectfully

**RECOMMEND** that Defendant Aronowitz & Ford, LLP's, "Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1), (2), (5) and (6)" [Doc. No. 9] be **GRANTED** and that all claims against Aronowitz & Ford, LLP be **DISMISSED.** I further **RECOMMEND** that the Complaint be **DISMISSED with prejudice** because this Court lacks subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

## ADVISEMENT TO THE PARTIES

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the

magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 11th day of February, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge